**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 21 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS E. GAITHER,

Petitioner - Appellant,

v.

JAMES SAFFLE,

Respondent - Appellee.

No. 01-6342
(D. C. No. 00-CV-1574-W)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **EBEL**, and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Appellant Gaither appeals *pro se* from an order of the district court denying appellant's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  The district court declined to grant a certificate of appealability.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Thus, appellant on this appeal seeks a certificate of appealability and review of the denial of his federal habeas corpus petition. On appeal, Mr. Gaither alleges that the magistrate judge and the district court failed to provide him with an evidentiary hearing to develop the actual basis of his claims. He further raises on appeal the issues that were before the district court. He alleges ineffective assistance of counsel in the state courts, a lack of subject matter jurisdiction in the trial court to impose sentence, an excessive sentence, and an error in the failure to declare a mistrial after the prosecutor referred to an outstanding arrest warrant during cross-examination of a defense witness. In a lengthy report, the magistrate judge recommended that the petition be denied, in part as procedurally barred and in part on the merits. After consideration of Mr. Gaither's objections, the district court adopted the report and recommendation of the magistrate judge and denied the petition.

We construe *pro se* petitioner's filings, including the motion to vacate and remand, liberally as we are required to do under Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and find that Mr. Gaither has failed to meet the statutory requirements under 28 U.S.C. § 2254.

To be entitled to a COA, Mr. Gaither must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make this showing by establishing that "reasonable jurists could debate whether (or, for

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

We may grant habeas relief only if the state court entered a judgment that

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

We agree with the district court that in this case appellant has failed to show that jurists of reason would debate whether the district court was correct in its ruling. We, therefore, deny the certificate of appealability, deny the motion to vacate and remand, and dismiss the appeal. The motion to proceed *in forma pauperis* is granted. Dismissed.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge